IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLISON JONES, as Next Friend of § <br> TRAVIS JONES, a Minor, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ORIENTAL TRADING CO., INC. *et al.*, § <br> § <br> Defendants. § | | CIVIL ACTION NO. H-03-3392 |

**MEMORANDUM AND ORDER**

Pending before the Court in this products liability dispute is a Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 66] ("Defendant's Motion") filed by Defendant and Third-Party Defendant Bensia Pioneer Industrial Corporation ("Pioneer") pursuant to FED. R. CIV. P. 12(b)(2). Plaintiff Allison Jones ("Plaintiff"), as Next Friend of Travis Jones ("Travis"), a minor, has filed a Response [Doc. # 67] ("Plaintiff's Response"), to which Pioneer has filed a Reply [Doc. # 68]. Defendant and Third-Party Plaintiff Oriental Trading Co. has not responded. This motion is ripe for decision. Having considered the parties' submissions, all matters of record, and the applicable legal authorities, the Court concludes that Defendant's Motion should be **granted.**

**I.     BACKGROUND**

Plaintiff's minor son, Travis, was injured when a "pop-a-point" pencil eraser cap became lodged in his throat. Travis was in the fifth grade at the time of the event giving rise

to this lawsuit. Plaintiff brought suit against Defendant Oriental Trading Company, Inc. ("Oriental"), alleging that Oriental sold the pencil at issue.[1] Plaintiff's lawsuit asserts claims of negligence and strict products liability, alleging that the pop-a-point pencils were defectively designed because they included small eraser caps that presented a choking hazard for children. Oriental brought third-party lawsuits against four foreign companies, including Pioneer, a Taiwanese company, claiming the pencil was manufactured by one of them.[2] Plaintiff amended her complaint to add the four foreign companies as defendants in her lawsuit as well. Pioneer moves for dismissal for lack of personal jurisdiction.

## II.  STANDARDS FOR PERSONAL JURISDICTION

Plaintiff bears the burden of establishing that the non-resident defendant has contacts with the forum state sufficient to invoke the jurisdiction of this Court. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). When, as in the instant case, a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff is required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy its burden. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003); *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000); *see also Brown v. Slenker*, 220 F.3d 411, 417 (5th Cir. 2000). A *prima facie*

---

[1]  Travis' home room teacher, Donald Hensel ("Hensel"), gave pop-a-point pencils to his students, including Travis, as Christmas gifts. Hensel obtained the pencils from another teacher, Elaine Petty, who allegedly purchased them from Oriental.

[2]  The manufacturing defendants are Pioneer, a Taiwanese company, Wenzhou Changhua Pen Industrial Co., Ltd., a Chinese company, Wenzhou Stationery Co., a Chinese company, and Ningbo Zhengxin Int'l Trading Co., a Chinese company.

showing of personal jurisdiction may be established by the pleadings, depositions, affidavits or exhibits of record. *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The Court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Central Freight Line Inc.*, 322 F.3d at 376; *Alpine View Co.*, 205 F.3d at 214; *Stripling v. Jordan Production Co.*, 234 F.3d 863 (5th Cir. 2000). The law, however, does not require the court to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

The Texas long-arm statute "authorizes the exercise of jurisdiction over nonresidents 'doing business' in Texas," and "the Texas Supreme Court has interpreted the 'doing business' requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits." *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996); *Schlobophm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990); *see also Panda Brandywine*, 253 F.3d at 867; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000); *Mink v. AAA Dev. LLC*, 190 F.3d 333, 335-36 (5th Cir. 1999). Thus, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due-process inquiry. *See Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993); *Smirch v. Allied Shipyard, Inc.*, 164 F. Supp.2d 903, 906 (S.D. Tex. 2001).

The two-part test for assertion of personal jurisdiction under the due process clause is (1) whether a defendant "purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' within the forum sate," and (2) whether the

assertion of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *Alpine View*, 205 F.3d at 215; *see also Burger King Corp. v. Rudzewica*, 471 U.S. 462, 476-77 (1985). Both the "minimum contacts" and "fundamental fairness" prongs of the due process test must be met in order for this Court to exercise personal jurisdiction. *See Burger King*, 471 U.S. at 476-77.

When personal jurisdiction is asserted, the "minimum contacts" requirements may be satisfied if either (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum ("specific jurisdiction"), or (2) the defendant has "continuous and systematic" contacts with the forum ("general jurisdiction"). *See Burger King*, 471 U.S. at 472-76; *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 413-17 (1984); *Alpine View*, 205 F.3d at 215. A conclusion that the Court has specific jurisdiction over a defendant requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws" or "purposefully directs" its efforts toward the forum state. *Panda Brandywine*, 253 F.3d at 869 (quoting *Burger King*, 471 U.S. at 475-76). It is well established in the Fifth Circuit that when a nonresident's contact with the forum state "stems from a product, sold or manufactured by a foreign defendant, which has caused harm in the forum state, the court has [specific] jurisdiction if it finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." *Alpine View*, 205 F.3d at 216 (quoting *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987)).

In making a fundamental fairness determination, a court must examine: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies. *See Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 421 (5th Cir. 1993)).

### III.    PERSONAL JURISDICTION ANALYSIS

Pioneer asserts that Plaintiff cannot satisfy her *prima facie* burden to show that Pioneer is subject to this Court's jurisdiction. Pioneer thus moves for dismissal under Fed. R. Civ. P. 12(b)(2). Pioneer argues that there is no specific jurisdiction because it neither manufactured the product at issue nor purposefully delivered the product into the stream of commerce of the forum state. Pioneer also argues that there is no general jurisdiction because the facts do not support–and Plaintiff does not allege–the requisite general contacts with the forum state to support such jurisdiction. Implicitly acknowledging the lack of evidence about Pioneer's conduct directed toward Texas, Plaintiff responds by stating her "good faith basis for believing" that Pioneer is subject to the Court's jurisdiction, and requests the Court to defer ruling on this Motion "until she has had an opportunity to litigate her claims against Pioneer that is proportionate to the challenges of litigating her claims against a defendant located in Taiwan." Plaintiff's Response, at 1.

A.      **Specific Jurisdiction Analysis**

Pioneer argues that this Court has no specific jurisdiction because the controversy does not "arise out of or relate to" any contacts with this forum. *See Burger King*, 471 U.S. at 472-73; *Alpine View*, 205 F.3d at 215. Pioneer argues that specific jurisdiction fails because Pioneer did not manufacture the pop-a-point pencil in issue. Plaintiff's Petition alleges that the pencil at issue contained eleven leads. *See* Plaintiff's First Amended Original Complaint, at 4. According to Pioneer's President and Chairperson, Chuang Cheng Hua, Pioneer has manufactured pop-a-point pencils containing eleven leads, but all the mechanical – including pop-a-point – pencils Pioneer produces bear the company's "Bensia" logo on the barrel. *See* Declaration of Chuang Cheng Hua dated April 13, 2005, Exhibit 1 to Pioneer's Motion ("Hua Declaration"). Mr. Hua attests that he examined Plaintiffs' photographs of a pencil exemplifying the pencil at issue in this case, and he determined that the exemplar pencil did not bear the company logo. *Id.* Plaintiff does not allege in her Complaint or Response that the pencil that injured Travis bore the "Bensia" logo. In addition, Mr. Hua attests that the exemplar that he examined contained nine pop-a-point leads, and that Pioneer has never manufactured pencils with nine leads. *Id.*

In the alternative, Pioneer argues that if it did manufacture the pencil in issue, it did not deliver the product into the "stream of commerce with the expectation that it would be purchased by or used by consumers" in Texas. *Alpine View*, 205 F.3d at 216. A defendant can only be subjected to a court's jurisdiction as a result of its own conduct directed at the forum, and not merely based upon attenuated contracts with or unilateral activity of others.

*Burger King,* 471 U.S. at 475-76. Pioneer asserts through responses to interrogatories and through the Hua Declaration that it never had a business relationship with Oriental, the alleged retail seller of the pencil.³ Mr. Hua also states that the only entity to which Pioneer sold its eleven lead pop-a-point pencils was Lucky Star Enterprise & Co. ("Lucky Star"), a Taiwanese company. Mr. Hua avers that Pioneer was not aware Lucky Star had a business relationship with Oriental, and Lucky Star did not disclose to Pioneer the identity of buyers from Lucky Star.

Although the Fifth Circuit has held a manufacturer subject to personal jurisdiction in Texas even though it used a distributor to import its product into the United States and conducted no business in the United States other than contracting with that distributor, such jurisdiction depends upon the manufacturer's knowledge or expectation that the product would reach the forum state in the course of the distribution chain. *See Oswalt v. Scripto, Inc.*, 616 F.2d 191, 197-98, 200-01 (5th Cir. 1980). *Oswalt* involved a foreign manufacturer who entered an exclusive distributorship contract with a United States company. In contrast to the facts of *Oswalt*, Pioneer presents evidence that it contracted with a foreign distributor and had no knowledge of the distributor's United States buyers. Thus, Pioneer asserts it did not–and could not–have had the expectation that its pencils would be exported from Taiwan to Texas. Plaintiff has submitted no evidence to the contrary. Plaintiff has had ample time

---

³     *See* Pioneer's Responses to Plaintiff's Request for Admissions filed on January 28, 2005, at 7 [Doc. # 59]; *see also* Hua Declaration, Exhibit 1 to Pioneer's Motion to Dismiss.

to conduct jurisdictional discovery and in fact has done so.[4] There is no evidence before the Court to indicate that Pioneer's business relationship with the Taiwanese company Lucky Star should have given Pioneer the expectation or knowledge that any of its products would make their way to Texas.[5]

Plaintiff has not met her *prima facie* burden to establish contacts with the foreign state sufficient to invoke specific jurisdiction. *See Panda Brandywine*, 253 F.3d at 869. The fact that Travis suffered harm in Texas is, by itself, insufficient to establish specific jurisdiction over Pioneer in this forum. *See id.* at 870; *see also Revell v. Lidov*, 317 F.3d 467, 473 n.41 (5th Cir. 2002).

In short, there is no evidence that Pioneer produced the injurious product, nor evidence that Pioneer introduced its product into the stream of commerce with the expectation that it would be enter the stream of commerce in the forum state. *See* Hua Declaration. Because Plaintiff has not demonstrated the controversy "arises out of or relates to" any contacts with Texas, analysis of the fundamental fairness prong of the jurisdictional test is unnecessary. *See Panda Brandywine*, 253 F.3d at 870. The Court finds that it lacks specific jurisdiction over Pioneer.

### B. <u>General Jurisdiction Analysis</u>

---

[4] Pioneer asserted its claim of lack of personal jurisdiction in December 2004, eight months ago. *See* Pioneer's Third-Party Answer [Doc. # 50]. In addition, the mere fact that Pioneer is a Taiwanese entity put Jones on notice that there likely would be a jurisdictional issue.

[5] In addition, there is no specific evidence Oriental was aware, or that Lucky Star informed Oriental, that Lucky Star sold Oriental's goods in Texas or delivered them to Texas.

The constitutional "minimum contacts" requirement for personal jurisdiction may alternatively be satisfied if the defendant has "continuous and systematic" contacts with the forum state. *See Helicopteros Nacionales*, 466 U.S. at 415-16; *Alpine View*, 205 F.3d at 215. Personal jurisdiction based on a nonresident defendant's "continuous and systematic" contacts with the forum is known as general jurisdiction. There is no evidence, nor any allegation, that Pioneer possesses "continuous and systematic" contacts with Texas. To the contrary, the Hua Declaration establishes that Pioneer has no ties whatsoever to the forum state. Pioneer has no employees, offices, or property in Texas, and has not been registered to conduct business in Texas. *See* Hua Declaration; *see also Nuovo Pignone, SPA v. Storman Asia M/V*, 310 F.3d 374, 379 n.3 (5th Cir. 2002) (stating that absence of an office, employees, or authorization to transact business in the forum state supports a finding of lack of general jurisdiction over a nonresident defendant). Having presented no evidence to the contrary, Plaintiff has failed to meet her *prima facie* burden to establish contacts with the forum state sufficient to invoke general jurisdiction.

    C.    **Plaintiff's Request to Defer the Court's Ruling**

Plaintiff requests that the Court defer ruling on Defendant's Motion until Plaintiff has had an opportunity to conduct more jurisdictional discovery. *See* Plaintiff's Response, at 3-4 (citing *Patterson v. Dietz, Inc.*, 764 F.2d 1145, 1147 n.4 (5th Cir. 1985)). The deadline for discovery is currently set for August 15, 2005. By analogy with the summary judgment procedures, this Court finds that Plaintiff has had a reasonable amount of time for jurisdictional discovery, and denies the request for additional time. *See* FED. R. CIV. P. 56(f)

(stating that a court may order a continuance for discovery when the party opposing a motion for summary judgment can show that it was unable to obtain facts essential to justify its opposition). "A district court is *not* required to defer ruling on a jurisdictional motion until all discovery contemplated by the plaintiff has been accomplished; instead, an *opportunity* for discovery is required." *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000) (emphasis in original). Plaintiff has had ample time to conduct jurisdictional discovery. Pioneer submitted its Answer to Oriental's Third-Party Complaint [Doc. # 50] on December 10, 2004, eight months ago. In its Answer, Pioneer denied all factual allegations pertaining to this Court's jurisdiction. Pioneer's Answer gave notice about the need to conduct jurisdictional discovery.[6] *See Kelly,* 213 F.3d at 855. Moreover, Plaintiff failed to establish what facts she hopes to obtain from more discovery to contradict the lack of personal jurisdiction. When lack of jurisdiction is clear and discovery would serve no valid purpose, additional time for discovery should not be allowed. *See id.* As the Court discussed *supra*, the record reveals that there is no basis for the Court to exercise personal jurisdiction over Pioneer, and Plaintiff has failed to raise a genuine question of fact to the contrary. Accordingly, the request to defer the ruling on the motion to dismiss is denied.

## IV. <u>CONCLUSION AND ORDER</u>

---

[6] As noted above, Plaintiff in fact has obtained some jurisdictional discovery. *See* Pioneer's Responses to Plaintiff's Request for Admissions filed on January 28, 2005 [Doc. # 59]; Pioneer's Initial Disclosures dated March 4, 2005 [Doc. # 62]; *see also* Declaration of Chuang Cheng Hua dated April 13, 2005, Exhibit 1 to Pioneer's Motion to Dismiss [Doc. # 66].

Based on the Court's review of the pertinent authority and the record as discussed herein, the Court concludes that it has no personal jurisdiction over Pioneer. It is hereby

**ORDERED** that Pioneer's Motion to Dismiss for lack of personal jurisdiction is **GRANTED**.

SIGNED at Houston, Texas this **10th day** of **August, 2005**.

_____
Nancy F. Atlas
United States District Judge